

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3 | Order Filed on November 28, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Jonothan Foreman,<br><br>Debtor. | Case No.:  22-16089 VFP<br>Adv. No.:<br>Hearing Date:  10/6/2022 @ 8:30 a.m.<br><br>Judge:  Vincent F. Papalia |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: November 28, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtor:     Jonothan Foreman
Case No.:   22-16089 VFP
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3, holder of a mortgage on real property located at 24 Mountain Avenue, West Orange, NJ, 07052, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Camille J. Kassar, Esquire, attorney for Debtor, Jonothan Foreman, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by January 31, 2023, or as may be extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** that the Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is to pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor reserves the right to object to requests for extension of the loss mitigation period; and

Page 3
Debtor:        Jonothan Foreman
Case No.:      22-16089 VFP
Caption:       **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor can file a motion for relief if the Debtor does not obtain a loan modification by January 31, 2023 and also fails to file a modified plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.