| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in compliance with D.N.J. 9004-1(b)<br><br>Lavin, Cedrone, Graver, Boyd & DiSipio<br>Formed in the State of PA<br>Regina Cohen<br>190 North Independence Mall West 6th & Race Streets<br>Suite 500<br>Philadelphia, PA 19106<br>Tel: (215) 351-7551<br>Fax: (215) 627-2551<br>E-mail: RCohen@lavin-law.com<br>Attorney for Movant | Order Filed on March 13, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| **IN RE:**<br>**JONOTHAN FOREMAN,**<br><br>                                              **Debtor** | Case No.: 22-16089-VFP<br><br>Chapter 13<br><br>Judge: Vincent F. Papalia<br><br>Hearing Date: March 2, 2023 at 10:00 AM |

**CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE**
**2011 Mercedes-Benz GL-Class Utility 4D GL550 4WD 5.5L V8**

The relief set forth on the following pages, number two (2) through three (3) is hereby **ORDERED**.

**DATED: March 13, 2023**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

2

| | |
|---|---|
| Debtor: | Jonothan Foreman |
| Case No.: | 22-16089-VFP |
| Caption of Order: | Consent Order Modifying Stay as to Motor Vehicle |

1. The 11 USC § 362(a) Stay as to Ally Capital, its successors and/or assigns ("Movant"), with respect to the personal property of the Debtor described as a 2011 Mercedes-Benz GL-Class Utility 4D GL550 4WD 5.5L V8, V.I.N. 4JGBF8GE3BA738682, in accordance with the agreement of the Debtor and Movant, is hereby modified and shall remain in effect PROVIDED THAT Debtor comply with the following terms and conditions:

    a. **Debtor is to pay Post Petition arrearages in modified plan:** The parties stipulate that unpaid amount due Post Petition arrearages are $514.46 ("Arrearages"). Within 30 days of entry of this Order, the Debtor must (i) pay the Movant half of the Post Petition Arrearages; and

    (ii) file a proposed modification of the confirmed plan to add the rest of the arrearages in the plan. If the Debtor fails to file a modification or pay the half Arrearages and fails to do either, it is a Final Default under this order.

    b. **Current Monthly Payments:** Debtor shall continue to remit to Movant the regular post-petition monthly payments of $392.91, beginning February 24, 2023.

2. Six Months Strict Compliance: Debtor consent to a six-month period of strict compliance with the chapter 13 plan, which period shall begin running on the date this order is entered.

3. A default will occur in the event, if (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 1, supra, (2) Debtor fails to file modification of plan or pay the Movant half of the Post Petition arrearages, within 30 days of entry of this order, (3) Debtor misses another plan payment within the six-month period as set forth above in paragraph 2, (4) Debtor fails to keep the Collateral insured, (5) Collateral is total loss. If Debtor defaults in any way, then Movant may send written notice of the default to Debtor and Counsel for Debtor by Regular Mail and by Certified Mail Return Receipt Requested, postage prepaid. The written notice will give Debtor a 10–day period to cure the default. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments within such 10-day period,

| | |
|---|---|
| Debtor: | Jonothan Foreman |
| Case No.: | 22-16089-VFP |
| Caption of Order: | Consent Order Modifying Stay as to Motor Vehicle |

or in the event Debtor become delinquent after two (2) notices of default, the Automatic Stay of 11 U.S.C. §362 shall terminate as it relates to Movant and the Collateral. If the stay terminates pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under Contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

4. In the event Debtor convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all total arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payments in accordance with this paragraph, then Movant, through counsel, may file a Certification of Default setting forth and failure and Movant shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C.§ 362) the Movant is then permitted to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing a sale of the motor vehicle.

5. The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

6. Debtor waive the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.

**We hereby consent to the form and entry of the foregoing Order.**

| | |
|---|---|
| _/s/ Camille J Kassar_ | _/s/ Regina Cohen_ |
| Camille J Kassar | Lavin, Cedrone, Graver, Boyd & DiSipio |
| Law Offices of Camille Kassar, LLC | Formed in the State of PA |
| 271 Route 46 West | Regina Cohen |
| Suite C-102 | 190 North Independence Mall West 6th & Race Streets |
| Fairfield, NJ 07004 | Suite 500 |
| 973-227-3296 | Philadelphia, PA 19106 |
| Fax : 973-860-2448 | Tel: (215) 351-7551 |
| Email: ckassar@locklawyers.com | Fax: (215) 627-2551 |
| Attorney for Debtor | E-mail: RCohen@lavin-law.com |
| | Attorney for Movant |